IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JON MICHAEL WITHROW | § | |
| v. | § | CIVIL ACTION NO. 6:07cv550 |
| VIRGINIA BUCHANAN, ET AL. | § | |

MEMORANDUM OPINION AND PARTIAL ORDER OF DISMISSAL

The Plaintiff Jon Withrow, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se,* filed this lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in the lawsuit pursuant to 28 U.S.C. §636(c). As Defendants, Withrow named a physician's assistant named Virginia Buchanan and two TDCJ wardens, Eddie Baker and Wesley Pratt.

An evidentiary hearing was conducted pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). At this hearing, Withrow testified that sometime in the summer of 2007, hundreds of inmates were called to the gym. There, Buchanan saw each inmate and told him that he was "cured of all medical problems and thus no longer in need of any restrictions." Withrow says that this decision was made without any review of the inmate's medical history.

When he saw her, Withrow says, she told him that he was cured of all arthritis problems along with any other medical conditions he may have, but that she would only take his bottom row restrictions and leave him with bottom bunk and sedentary work only restrictions. He replied that his ankle was fused with almost no movement, and so he was not able to climb the stairs to get to higher rows. Buchanan had him remove his boot and sock and she could see how his ankle

was swollen; Withrow says that although she was not able to make his ankle move at all, she told him that there was nothing wrong with him which would prevent him from climbing stairs.

Withrow says that he asked Buchanan about reviewing his medical history, and Buchanan replied that she did not need to review his medical history because there was nothing wrong with him. Withrow told her that he was going to file a lawsuit against her, and she did not reply; however, a short time later, Withrow says that he discovered that his work restrictions and bottom bunk restrictions had been taken away as well. Withrow states that she took all of his restrictions in retaliation for his threat to file a lawsuit.

At the hearing, Withrow said that he wished to dismiss the claims against Baker and Pratt, leaving only his claims against Buchanan.[1] This request should be granted. Rule 41(a), Fed. R. Civ. P.

The Fifth Circuit has held that deliberate indifference to a convicted inmate's serious medical needs could state a civil rights violation, but a showing of nothing more than negligence does not. Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997); Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989). In this case, Withrow's claims against Buchanan, if proven, show a potential constitutional violation, and require further judicial proceedings. It is accordingly

ORDERED that the Plaintiff's claims against Warden Baker and Warden Pratt are hereby DISMISSED without prejudice on the motion of the Plaintiff at the hearing. It is further

---

[1] At the hearing, and in Claim No. 1 in his complaint, Withrow mentions an individual named Kyle as a defendant; however, Kyle was not actually named as a defendant in the lawsuit. In any event, Withrow indicated that he wished to dismiss any claims he had against Kyle as well.

ORDERED that Warden Baker and Warden Pratt are hereby DISMISSED as parties to this lawsuit. The dismissal of these claims and parties shall have no effect on the Plaintiff's claims against Virginia Buchanan.

**So ORDERED and SIGNED this 20th day of May, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE